**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PHILIP P. MONTGOMERY,

       Plaintiff-Appellant,

and

PAUL SAMUEL MONTGOMERY,

       Plaintiff,

v.

THE HARTFORD FINANCIAL
SERVICES GROUP, INC., also
known as The Hartford; HARTFORD
INSURANCE COMPANY OF THE
MIDWEST,

       Defendants-Appellees.

No. 03-2255
(D.C. Nos. CIV-02-1291 RCB/LFG,
CIV-02-1612 RCB/LFG, and
CIV-03-7 RCB/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,**
Chief District Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pro-se appellant Philip Montgomery appeals from the dismissal of his claim for fraud and the grant of summary judgment to defendant The Hartford Financial Services Group ("The Hartford") in district court. The case was before the district court on diversity jurisdiction, and all matters concerned interpretation of New Mexico state law. Appellant alleged that The Hartford had issued him an automobile insurance policy that he believed entitled him to receive a new car, rather than to repair his existing car, and that The Hartford had not dealt with him appropriately in his effort to collect on the claim. The district court traced the development of appellant's pro se arguments, and liberally construed his pleadings, but found that appellant had ultimately not carried his burden of proof under any of his theories in the case.

One of the difficulties in this case has been determinating the legal basis of appellant's suit. On October 15, 2002, appellant filed an original complaint against The Hartford that suggested causes of action for fraud (R. Doc. No. 1 at ¶ 7), bad faith ( *id.* at ¶ 6), breach of contract ( *id.* at ¶ 7), and intentional infliction of emotional distress ( *id.* at ¶ 8). On January 13, 2003, appellant filed a notice of

amended complaint that emphasized that his suit was for fraud, as opposed to other causes of action. (R. Doc. No. 44, ¶¶ 2, 4.) Appellant also filed a complaint to allege libel against The Hartford for attributing a letter written by appellant's brother to appellant. (Compl. in district court case No. 03-0007, consolidated with the current case by order on January 7, 2003 [R. Doc. No. 27].) Additionally, appellant filed a flurry of motions, for example, to censure defense counsel for alleged misconduct and violations of Rule 11 (*see, e.g.*, R. Doc. Nos. 7, 41), to object to consolidation of appellant's cases (R. Doc. No. 72), to request default judgment (R. Doc. No. 10), to request that "defendants be barred from using deception to create the basis for [an additional] defense" (R. Doc. No. 15), to request that a new judge preside over discovery (R. Doc. No. 119), and to request that the discovery judge be disqualified (R. Doc. No. 124). All of appellant's motions on these matters were denied (R. Doc. Nos. 62, 63, 64, 90, 113, 126).

On September 25, 2003, the district court wrote an extensive memorandum opinion and order reviewing appellant's case and attempting to isolate appellant's central claims. The district court conducted analyses of appellant's suit under libel (R. Doc. No. 131 at 6-7), intentional infliction of emotional distress (*id.* at 7-9), fraudulent misrepresentation (*id.* at 11-12), and bad faith (*id.* at 12-13). For each theory of recovery, the district court articulated the elements necessary for

appellant to prove his case, discussed the evidence that the appellant presented, and found that appellant had not satisfied his burden of proof. *See id.*

On appeal, appellant asserts that he intended only to make an argument about fraud ( *see, e.g.* , Aplt. Br. at 22-25), and that the district court erred in considering any other claim. But appellant acknowledges that the district court addressed fraud in its decision, and appellant does not articulate why the district court's analysis of the elements of fraud or its finding that appellant had failed to prove those elements is in error. *See, e.g.* , *id.* at 25. Instead, appellant now makes a sweeping policy argument that his case should be an opportunity for this court to take a stand against alleged abuse of the elderly by the insurance industry. *See, e.g.* , *id.* at 59-61. Appellant presents no additional focused legal argument, nor does he point to any other evidence to support his new statements.

We decline appellant's invitation to rule for him because he claims to be litigating a test case to combat abuses against the elderly. A party must support its argument with legal authority. *Phillips v. Calhoun* , 956 F.2d 949, 953-54 (10th Cir. 1992). Stating on appeal that a trial court erred "without advancing reasoned argument as to the grounds for the appeal" is insufficient appellate argument. *Am. Airlines v. Christensen* , 967 F.2d 410, 415 n.8 (10th Cir. 1992). Although this court liberally construes a pro se appellant's pleadings and holds them to a less stringent standard than required of those prepared by a lawyer,

*Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989), we will not assume the role of advocate for the pro se litigant, nor need we accept as true conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because appellant has not properly presented to us an issue of legal error on appeal, we agree with the district court's dismissal of appellant's case and its grant of summary judgment to defendant The Hartford. *See, e.g.*, Fed. R. App. P. 28(a); *Derringer v. Chapel*, 98 Fed. Appx. 728, 739 (10th Cir. Apr. 12, 2004) (providing examples of how appellate pleadings have not comported with Fed. R. App. P. 28, and subsequently affirming a district court's judgment). Appellant has failed to identify substantive legal error made by the district court, and he attempts to present new, unsubstantiated policy arguments to this court without a legal basis upon which we might be able to consider them. We thus AFFIRM the judgment of the district court. The mandate shall issue forthwith.

Entered for the Court

Robin J. Cauthron
Chief District Judge

-5-